IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

(Northern Division)

| | |
|---|---|
| TRAVIS LYNCH<br>100 S. Tremont Rd.<br>Baltimore, MD 21229<br><br>        Plaintiff,<br><br>v.<br><br>HUNTER WARFIELD, INC.<br>7600 Wisconsin Ave. #700<br>Bethesda, MD 20814<br>    **Serve on**:<br>      CSC-Lawyers Incorporating Service Company<br>      7 St. Paul Street Suite 820<br>      Baltimore, MD 21202<br><br>and<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br>505 City Parkway West<br>Orange County, CA 92668<br>    **Serve on**:<br>      The Corporation Trust Incorporated<br>      2405 York Rd., Suite 201<br>      Lutherville Timonium, MD 21093<br><br>and<br><br>EQUIFAX INFORMATION SERVICES, LLC<br>1550 Peachtree Street, NW<br>Atlanta, GA 30309<br>    **Serve on**:<br>      CSC-Lawyers Incorporating Service Company<br>      7 St. Paul Street, Suite 820<br>      Baltimore MD 21202<br><br>and<br><br>TRANSUNION LLC<br>1013 Centre Road,<br>Wilmington DE 19805<br>    **Serve on**: | Case No.: _____ |

1

Csc-Lawyers Incorporating Service Company
7 St. Paul Street
Suite 820
Baltimore MD 21202

    Defendants.

## COMPLAINT AND DEMAND FOR A JURY TRIAL

COMES NOW Plaintiff, Travis Lynch, by and through undersigned counsel, Ingmar Goldson, Esq. and The Goldson Law Office and Joseph S. Mack, of the Law Offices of Joseph S. Mack, and files this Complaint against Defendants, Hunter Warfield, Inc. ("Hunter Warfield"), TransUnion LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax"), and in support hereof states as follows:

## INTRODUCTION

1.    Plaintiff brings this action to seek redress for the defendants' unfair and deceptive business practices, which have left him harmed with a tarnished financial reputation. In short, Defendants are making false statements about Plaintiff's finances; stating that he owes money to a former landlord that he does not owe. Defendant Hunter Warfield reported this debt to Defendants TransUnion, Experian and Equifax (the "CRAs"), who in turn report the false debt to others. Plaintiff disputed this fraudulent reporting, triggering a requirement under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681 *et. seq.*, for the CRAs and Hunter Warfield to conduct reasonable investigations into whether he owed the alleged debt, which they failed to do. Instead, they left the derogatory information on Plaintiff's credit reports to damage his credit and financial reputation. Further, the CRAs failed to maintain procedures that assure maximum possible accuracy, which is why the false debts appeared on Plaintiff's credit reports in the first

2

place. This lawsuit follows as Plaintiff's only avenue to remove this clearly false information from his credit reports and stop his ongoing damages.

## PARTIES

2. Plaintiff Travis Lynch is a natural person and resident of Baltimore City, Maryland.

3. Defendant Hunter Warfield is a Maryland corporation, a "collector" as defined by the Maryland Consumer Debt Collection Act, MD. CODE ANN., COMM. L. § 14-201 *et seq.* (the "MCDCA"), and a furnisher as defined in the FCRA.

4. Defendant Experian is an Ohio corporation registered to do business in Maryland. Its principal office is 505 City Parkway West, Orange, CA 92668. Its registered agent in Maryland is The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville, Timonium, MD 21093-2264.

5. Defendant Experian is a consumer reporting agency under 15 U.S.C. §1681a(f).

6. Defendant Equifax is a Georgia Limited Liability Company registered to do business in Maryland. Its principal office is 1550 Peachtree St. NW, Atlanta, GA 30309. Its registered Agent in Maryland is CSC-Lawyers Incorporating Service Company, 7 St. Paul St. Suite 820, Baltimore, MD 21202.

7. Defendant Equifax is a consumer reporting agency 15 U.S.C. §1681a(f).

8. Defendant TransUnion is a Delaware Limited Liability Company registered to do business in Maryland. Its principal office is 1013 Center Road, Wilmington DE 19805. Its registered agent in Maryland is CSC-Lawyers Incorporating Service Company, 7 St. Paul St. Suite 820, Baltimore, MD 21202.

9. Defendant TransUnion is a consumer reporting agency 15 U.S.C. §1681a(f).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter because the operative events in this Complaint took place in Baltimore City and the Defendants regularly transact business in Maryland.

11. Plaintiff brings claims against Defendants pursuant to the FCRA. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

12. Venue is proper in this District under 28 U.S.C. § 1391(b).

## STATEMENTS OF FACT

13. Plaintiff rented 701 N. Howard Street, Apt. #2, Baltimore, MD 21201 (the "Property") from Captain Cove L.L.C. ("Captain Cove") pursuant to an October 18, 2020 lease (the "Lease") between Plaintiff and Captain Cove beginning October 2020 and ending October 2022. Plaintiff's rental of the Property was for his own personal use as a home.

14. Plaintiff experienced several problems with the property relating to the health and safety of the rental unit.

15. Towards the end of Plaintiff's tenancy, he learned that the Property did not have a Baltimore city rental license.

16. Under Maryland law, the rental of a residential dwelling without a license in a jurisdiction where a license is required to rent is a violation of the Maryland Consumer Protection Act (the "MCPA"), MD. CODE ANN., COMM. § 13-101 *et seq.*, and a landlord and its agents may not seek to collect rent for any period in which the landlord is unlicensed, even if the

landlord subsequently obtains a license. *Assanah-Carroll v. L. Offs. of Edward J. Maher, P.C.*, 480 Md. 394, 442, 281 A.3d 72, 100 (2022).

17. Captain Cove did not obtain a Baltimore city rental license for the property until August 23, 2022.

18. Captain Cove attempted to sue Plaintiff for unpaid rent during the unlicensed period, but a judge for the District Court of Maryland for Baltimore City ruled against Captain Cove, and dismissed the lawsuit "with prejudice" for all unlicensed rental time, before August 23, 2022.

19. Despite that ruling, Captain Cove hired Defendant Hunter Warfield to pursue alleged rental debt incurred while the Property was unlicensed.

20. As part of its collection strategy, Defendant Hunter Warfield furnished this false debt to the CRA Defendants, which in turn published the false debt to third parties inquiring as to the creditworthiness of Plaintiff.

21. Defendants Hunter Warfield, Experian, Equifax, and TransUnion began reporting a delinquent collection account on the Plaintiff's credit reports. The trade line states that Hunter Warfield is the furnisher and Captain Cove is the creditor for the account. The trade line falsely states that the Plaintiffs owes a delinquent $22,500 to Captain Cove, consisting of alleged rental obligations from the time that the Property was unlicensed that had already been ruled to not be owed by the Baltimore City judge.

22. After Plaintiff saw the false delinquent trade line stating that he owed a purported debt that he does not owe, he was appalled. Not only did the Plaintiff have to suffer poor conditions at the Property, but now he also had to suffer Defendants falsely and publicly saying that he is not paying his bills. The exorbitant $22,500 false debt caused Plaintiff to panic,

5

believing that he would not be able to obtain housing again until paying the insurmountable debt that he does not even legally owe.

23. On September 20, 2023, Plaintiff sent letters to each of the Defendant CRAs disputing the trade line. The dispute letters state in relevant part:

> I am writing to dispute the following information that appears on my Experian consumer report:
>
> There is an entry from "HUNTER WARFIELD" for $22,500. I do not owe this money. This account is from my rental of 702 N. Howard Street, Apt. #2, Baltimore, MD 21201, from Captain Cove Properties LLC. I rented that apartment starting in October of 2020 until the end of October of 2022. I found out towards the end of my time renting that 702 N. Howard Street was not licensed to be a rental property when I moved in, and there were a lot of problems with the property. Under Article 13, Section 5-4 of the Baltimore City Code, a landlord renting an unlicensed property is not allowed to collect or retain any rent. A judge even ruled against Captain Cove on this issue, dismissing Captain Cove's attempt to collect rent from before the property finally got licensed on August 23, 2022 with prejudice. See the attached order from the Court, saying that the voluntary dismissal of the lawsuit by Captain Cove was "with prejudice for any period before 8/23/22 not licensed before then."
>
> This is Captain Cove's attempt to collect that same amount from the period that they were not licensed that the judge said they couldn't collect. I didn't cause any damages to the property, and it is clear that it is for rent, because my rent for the property was $1,250, and this amount is exactly $22,500 – 18 months' worth of rent. Under the Assanah-Carroll case, Captain Cove Properties is not allowed to pursue rent from while they were unlicensed, and I do not owe this money. This false reporting is interfering with my ability to find new housing and is hurting my credit. Please remove it.
>
> Thank you for your assistance.
>
> Sincerely,
>
> Travis Lynch

24. Plaintiff attached a copy of the ruling by the judge of the District Court of Maryland for Baltimore City to Plaintiff's dispute letters.

25. The letters that Plaintiff sent to Defendants Experian and Equifax were timely delivered, but the letter to Defendant TransUnion was mishandled by the postal service. In accordance with their duty under the FCRA, Defendants Experian and Equifax sent Plaintiff's September 20, 2023 dispute letter to the furnisher, Defendant Hunter Warfield.

6

26. When Plaintiff realized that Defendant TransUnion had not received his September 20, 2023 dispute letter, Plaintiff wrote a new letter, dated November 3, 2023, with identical substance to the previous letter, which was successfully delivered to Defendant TransUnion, which in turn sent the dispute letter to Defendant Hunter Warfield.

27. Defendants failed to conduct reasonable investigations into the Plaintiff's dispute letters. As a result of the failure to conduct a reasonable investigation, the trade line was not removed and Defendants continue to report a false delinquent debt. That false reporting continues to place Plaintiff's reputation in a false light because others have access to the false information.

28. After Plaintiff experienced the decline in his credit standing, and realized Defendants were going to continue to report the false derogatory information about him even after he disputed the trade line, Plaintiff experienced bouts of emotional distress that included worry, fear, discouragement, loss of sleep, weight loss, and other physical manifestations.

29. Since Plaintiff saw that his credit report had a false and inaccurate delinquency on it, he refrained from applying for credit which he otherwise would have applied for but for the false Hunter Warfield delinquency.

30. Plaintiff was left with no other recourse than to file the instant lawsuit.

### COUNT ONE – Violation of the Maryland Consumer Debt Collection Act
### (Defendant Hunter Warfield)

31. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32. The MCDCA prohibits "collecting or attempting to collect an alleged debt" by "[c]laim, attempt, or threat[] to enforce a right with knowledge that the right does not exist." MD. CODE ANN., COMM. L. § 14-202(8).

7

33. The MCDCA also prohibits companies like Defendant Hunter Warfield from disclosing or threatening to disclose "information which affects the debtor's reputation for credit worthiness with knowledge that the information is false." MD. CODE ANN., COMM. L. § 14-202(3).

34. The MCDCA also prohibits any conduct that violates the Fair Debt Collection Practices Act. MD. CODE ANN., COMM. L. § 14-202(11). By pursuing the false debt, Defendant Hunter Warfield engaged in conduct that violates 15 USCA § 1692e and 1692f.

35. Defendant Hunter Warfield claimed certain sums due from Plaintiff that they knew were not due based on the ruling by the judge in the case in the District Court of Maryland for Baltimore City that Plaintiff included with the dispute letters. At all times relevant to the Complaint, there was no basis whatsoever for Defendant Hunter Warfield to attempt to collect any debt from Plaintiff.

36. By attempting to collect the debt while Plaintiff clearly did not owe the money they were attempting to collect, Defendant Hunter Warfield violated the MCDCA by claiming, attempting, and threatening rights with knowledge that the rights did not exist.

37. As a direct and proximate result of the defendants' actions, Plaintiff suffered actual damages including emotional distress with physical manifestations.

### COUNT TWO – Violation of the Maryland Consumer Protection Act
### (Defendant Hunter Warfield)

38. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

39. The debt collecting and reporting activities in which Defendant Hunter Warfield engaged, as set forth herein, are governed by the MCPA, MD. CODE ANN., COMM. L. § 13-101, *et seq.*

40. Section 13-303 prohibits unfair, abusive or deceptive trade practices in the extension of consumer credit or collection of consumer debts.

8

41. A violation of the MCDCA is also a violation of the MCPA. MD. CODE ANN., COMM. L. § 13-301(14)(iii).

42. As a direct and proximate result of the actions of Defendant Hunter Warfield, Plaintiff suffered actual damages including emotional distress with physical manifestations.

### COUNT THREE – Violation of the Fair Credit Reporting Act – Failure to Investigate (Defendant Hunter Warfield Only)

43. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

44. The FCRA requires that a furnisher such as Defendant Hunter Warfield, after receiving notice from a consumer reporting agency that a consumer disputes information that is being reported by that furnisher, conduct a reasonable investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the consumer reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate or cannot be verified, to report those results to all other consumer reporting agencies to which the furnisher has provided the inaccurate information.

45. From at or before March of 2023, until the present, Defendant Hunter Warfield has consistently provided inaccurate information about Plaintiff to Defendants Experian, TransUnion, and Equifax.

46. Plaintiff disputed the inaccurate information with each Defendant CRA.

47. Pursuant to the FCRA, Defendant CRAs each sent Plaintiff's disputes to the furnisher of the false information: Defendant Hunter Warfield.

48. Even after Plaintiff's dispute, which attached a court order establishing that the debt was not owed, Defendant Hunter Warfield continued to report the inaccurate rent delinquency on Plaintiff's credit reports.

49. 15 U.S.C. § 1681s-2 prohibits furnishers from reporting inaccurate information, and sets forth the furnisher's duty to investigate the completeness and accuracy of the information reported when the furnisher receives a dispute from a consumer.

50. After receiving notice by Defendants Experian, Equifax, and TransUnion, as required by the FCRA, Defendant Hunter Warfield engaged in conduct that violates 15 USC § 1681s-2(a), (b), by:

    a. Willfully failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. Willfully failing to report the results of investigations to Defendants Experian, TransUnion, and Equifax;

    c. Willfully failing to report an accurate status of the inaccurate information to Defendants Experian, TransUnion, and Equifax;

    d. Willfully failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. Willfully continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to Defendants Experian, Equifax and TransUnion; and

    f. Willfully failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-2(a), (b).

51. In the alternative, the above-described violations were negligent.

10

52. Defendant Hunter Warfield's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are described above.

**COUNT FOUR – Violation of the Fair Credit Reporting Act – Failure to Investigate**
**(Defendants Experian, Equifax and TransUnion)**

53. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

54. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a CRA is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

55. The FCRA further requires the CRA, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the CRA to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the CRA is required to "review and consider all relevant information submitted by the consumer." *Id.*

56. Defendants Experian, TransUnion, and Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that the Plaintiff disputed.

57. Defendants Experian, TransUnion, and Equifax failed to review and consider all relevant information submitted by Plaintiff.

58. As a direct and proximate result of the above-described violations of § 1681i of the FCRA, Plaintiff has sustained damages.

11

**COUNT FIVE – Violation of the Fair Credit Reporting Act – Failure to Maintain Reasonable Procedures**
**(Defendants Experian, Equifax and TransUnion Only)**

59. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

60. Despite receiving complaints and disputes from Plaintiff, Defendant CRAs have failed to correct the disputed erroneous information.

61. Defendants Experian, TransUnion, and Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 USC § 1681e(b). The basis of this allegation is the fact that Plaintiff gave Defendant CRAs definitive proof that the debt was not owed, yet Defendant CRAs continued to report the false debt.

62. As a direct and proximate result of the above-described violations of § 1681e(b) of the FCRA, Plaintiff has sustained damages.

## CONCLUSION

WHEREFORE, Plaintiff prays that this Court:

A) Find in favor of Plaintiff in counts 1–5;
B) Award an amount of actual damages for each claim to be determined by a jury;
C) Award punitive damages at an amount to be determined by a jury for willful violations of the FCRA; and
D) Award attorney's fees and costs pursuant to the fee-shirting statutes in counts 2-5.

Respectfully Submitted,

/s/ Ingmar Goldson
Ingmar Goldson, Esq.
Bar # 19024

        The Goldson Law Office
        1 Research Court, Suite 450
        Rockville, MD 20850
        Phone: 240-780-8829
        igoldson@goldsonlawoffice.com


        /s/ Joseph Mack
        Joseph Mack  (D. Md. Bar No. 29021)
        The Law Offices of Joseph S. Mack
        PO Box 65066
        Baltimore, MD 21209
        Tel.     (443) 423-0464
        joseph@macklawonline.com


        Attorneys for Plaintiff Travis Lynch

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


        /s/
        Ingmar Goldson, Esq.